[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR NONSUIT AND MOTION TO STRIKE
The plaintiffs Nair, Williams, and Simon have filed a complaint for money damages and other relief against the defendants Belcher, Ennar, Keene, Leask, and Miglietta. The initial complaint was dated November 30, 2000, and was served when the action was commenced with a return date of January 30, 2001.
There are three sets of papers that require action by the court, all of which were set down for argument on December 10, 2001. The notice indicated that all pending motions in this case would be heard and decided at that time. The notice indicated that "[a]ll counsel must
appear." Only counsel for the defendant Leask appeared in response to the court's directive.
The first set of papers requiring a ruling relates to the defendant Leask. Leask filed a Request to Revise on March 26, 2001. On June 15, 2001, the plaintiffs filed a revised complaint. On October 2, 2001, Leask filed a Motion for Nonsuit for Failure to Revise Completely. The court hereby DENIES the defendant Leask's Motion for Nonsuit, finding that the allegations regarding Leask are sufficient to apprize the defendant of what if any liability is asserted against him, such that he may file a Motion to Strike if the allegations are insufficient to state a claim, or to file an Answer.
The second set of papers requiring a ruling relates to the Motion to Strike. On June 27, 2001, the defendants (except for Leask) filed a Motion to Strike Counts Three and Four of the Revised Complaint (#110). The defendants filed a brief and other papers in support of the Motion to Strike. The plaintiffs filed a Memorandum in Opposition on September 7, 2001 and a Notice of Intention to Argue. The plaintiffs conceded that the Motion to Strike could be granted as to Count Three. The plaintiffs filed a Second Revised Complaint of October 9, 2001, intending, one would suppose, to delete Count Three, but the Second Revised Complaint appears CT Page 16595 in all respects to duplicate the Revised Complaint of June 15, 2001.
Counsel for the plaintiffs and the defendants declined to appear for argument, in spite of the court's order dated November 26, 2001, that all counsel appear on December 10, 2001. The court had set the matter down for oral argument not only because argument was initially requested by the plaintiff, but also because the court determined, pursuant to Conn. P.B. § 11-18, that oral argument would be of assistance to the court in deciding the motion. In light of the failure of counsel for both the plaintiffs and the defendants to appear as ordered, the court declines to issue a ruling on the Motion to Strike (#110) at this time.
The third set of papers requiring a ruling relates to discovery. The defendants (except for Leask) filed a Motion for Nonsuit for Failure to Disclose (# 111) on July 2, 2001. Despite certain responses by the plaintiffs, the defendants who initially let the motion go "off' reclaimed the Motion for Nonsuit, on the grounds that the responses were inadequate. That motion appeared on the calendar of October 9, 2001, and on that date the plaintiffs filed a Notice of Response to the outstanding discovery, along with a Motion for Extension of Time to complete the responses, indicating that the plaintiffs had not yet signed the responses as required by the Practice Book, and that more time was needed to obtain the sworn signature of each plaintiff on the responses. As of this date, no new or supplemental response has been filed by the plaintiffs indicating that the discovery has been completed. By the same token, the defendants did not appear at oral argument on December 10 as ordered by the court, so the court is unable to determine whether the defendants now feel that there has been adequate compliance.
Further, in light of the failure of counsel for the plaintiff and counsel for the defendants (except for Leask) to appear for this matter on the date assigned, the court hereby enters a default against the defendants (except for Leask) and a nonsuit against the plaintiffs, neither of which may be opened except upon the filing of a proper motion explaining on oath the reason for the failure to appear for argument as ordered, along with any required fee. Such motion shall only be considered by the court upon attendance of the moving party at a scheduled oral argument, so claimed in a proper manner by the moving party. This court (Pittman, J.) retains jurisdiction to hear any such motion.
IT IS HEREBY ORDERED THAT A NONSUIT ENTER AGAINST THE PLAINTIFFS AND A DEFAULT ENTER AGAINST THE DEFENDANTS BELCHER, ENNAR, KEENE, AND MIGLIETTA, as specified above.
Patty Jenkins Pittman, Judge CT Page 16596